**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3701
_____

UNITED STATES OF AMERICA

v.

JOSEPH CONIGLIO,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 2-08-cr-00128-001)
District Judge:  Honorable Dennis M. Cavanaugh
_____

Argued: February 16, 2011

Before:  SLOVITER and HARDIMAN, *Circuit Judges*,
and JONES, II,[*] *District Judge*.

(Filed: March 8, 2011)

Gerald Krovatin [Argued]
Krovatin Klingeman LLC
Newark, NJ  07102
        *Attorney for Appellant*

_____

[*] The Honorable C. Darnell Jones, II, District Judge for the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

Paul J. Fishman
George S. Leone
Steven G. Sanders [Argued]
Office of United States Attorney
Newark, NJ  07102
        *Attorneys for Appellee*

_____

OPINION OF THE COURT
_____

JONES, II, *District Judge*.

Joseph Coniglio ("Coniglio") appeals guilty verdicts rendered by a jury against him on five counts of honest services mail fraud in violation of 18 U.S.C. §§ 1341 and 1346 ("HSMF Counts") and one count of extortion under color of official right in violation of 18 U.S.C. § 1951(a) ("Extortion Count").  We will vacate the convictions and sentences on the HSMF Counts, affirm the conviction on the Extortion Count, and remand for re-sentencing on the Extortion Count.

**I.**

Because we write primarily for the parties, we recite only the essential facts and procedural history of this case.  On February 14, 2008, the United States filed an Indictment in this matter that charged Coniglio, a former New Jersey State Senator, with eight HSMF Counts and one Extortion Count.  The HSMF Counts charged two objects: one sounding in bribery ("the Bribery Object") and one sounding in concealed conflict of

2

interest ("the Concealed Conflict Object"). More specifically, the Bribery Object was based on allegations that Coniglio entered into a corrupt consulting agreement with the Hackensack University Medical Center ("HUMC") that masked an underlying, unwritten agreement to pay Coniglio in exchange for improperly undertaking official actions that inured to HUMC's financial benefit. The Concealed Conflict Object was based upon allegations that Coniglio improperly concealed material information regarding his relationship with HUMC. Prior to trial, Coniglio moved to dismiss the HSMF Counts to the extent that they were based on the Concealed Conflict Object. The District Court denied Coniglio's motions and, over the course of the trial, allowed the United States to: (1) introduce alleged acts of concealment by Coniglio and HUMC, and (2) argue the Concealed Conflict Object was an independent basis upon which the jury could find Coniglio guilty of HSMF.

Trial began on March 25, 2009. After three weeks, the District Court charged the jury. Over the objection of Coniglio, the District Court instructed the jury that it could convict under the HSMF Counts by finding either the Bribery Object or the Concealed Conflict Object. At the same time, however, the District Court declined to charge the jury that it had to find either one of the Objects unanimously. After three days of deliberation, the jury returned general verdicts on the HSMF Counts. In doing so, the jury did not specify whether it found Coniglio guilty based on the Bribery Object, the Concealed

3

Conflict Object, or some combination thereof.[1]

On April 17, 2009, the jury convicted Coniglio on five HSMF Counts and the Extortion Count, acquitted him on two HSMF Counts, and hung on the remaining HSMF Count. The District Court denied Coniglio's motions for judgments of acquittal or a new trial. The District Court sentenced Coniglio to thirty months concurrent imprisonment on each count of conviction, fined Coniglio $15,000, and entered the final judgment of conviction. Coniglio timely appealed. This Court stayed his appeal pending the decision of the United States Supreme Court in *Skilling v. United States*, 130 S. Ct. 2896 (2010). Having the benefit of that decision and arguments of the parties, we now resolve this matter.[2]

## II.

On appeal, Coniglio argues that: (1) in light of *Skilling*, the District Court erred in instructing the jury that it could convict him under the HSMF Counts based on the Concealed Conflict Object; (2) his HSMF convictions must be vacated because the error concerning the Concealed Conflict Object was not harmless beyond a reasonable doubt;

---

[1] The parties disagreed as to the value of a general verdict form versus a verdict form containing specific interrogatories concerning the HSMF Bribery Object and Concealed Conflict Object. Coniglio objected to a special verdict form advocated by the Government. The District Court elected to use a general verdict form. While Coniglio's stance may have unfortunately contributed to confusion below, it did not constitute a waiver of his right to challenge the HSMF Concealed Conflict Object on appeal. *Black v. United States*, 130 S. Ct. 2963, 2970 (2010).

[2] We have jurisdiction under 28 U.S.C. § 1291.

4

and (3) his Extortion Count conviction should be vacated due to "prejudicial spillover" from the HSMF Concealed Conflict Object error. Alternatively, Coniglio contends that his convictions should be vacated because the District Court erroneously charged the jury in several other respects.

## A.

In *Skilling*, the Supreme Court held that 18 U.S.C. § 1346 is unconstitutionally vague to the extent it criminalizes behavior beyond bribery and kickback schemes. *Skilling*, 130 S. Ct. at 2931. As a result of *Skilling*, the Concealed Conflict Object and instructions from the District Court based thereon amounted to a "clear and obvious" legal error that is "not subject to reasonable dispute." *United States v. Riley*, 621 F.3d 312, 323 (3d Cir. 2010) (citations omitted).[3]

## B.

Having found that Coniglio was charged with, and the jury was instructed upon, both a valid and invalid theory of HSMF, we must determine whether the error regarding the invalid Concealed Conflict Object was harmless. *Riley*, 621 F.3d at 323-25; *Skilling*, 130 S. Ct. at 2934 & n.46 (citing *Yates v. United States*, 354 U.S. 298 (1957)). Under harmless error review, convictions that may have been based on either a legally valid theory or legally invalid theory should be affirmed only if it is clear beyond a reasonable

---

[3] The United States has acknowledged this conclusion in its briefing and argument.

doubt that a rational jury would have found the defendant guilty on the valid theory absent the invalid theory. *See Neder v. United States*, 527 U.S. 1, 19 (1999) ("If, at the end of that examination, the court cannot conclude beyond a reasonable doubt that the jury verdict would have been the same absent the error – for example, where the defendant…raised evidence sufficient to support a contrary finding – it should not find the error harmless."). *See also United States v. Black*, 625 F.3d 386, 388 (7th Cir. 2010) (on remand from U.S. Supreme Court after *Skilling*, noting that "if it is not open to reasonable doubt that a reasonable jury would have convicted the[ ] [defendants] of pecuniary fraud, the convictions on the fraud counts will stand").

Upon careful review of the record below, it is not possible for us to conclude beyond a reasonable doubt that a rational jury would have convicted Coniglio based solely upon the Bribery Object. At trial, the Government inextricably intertwined evidence of bribery and concealment. The District Court itself specifically charged the jury that it might convict Coniglio on either the Bribery Object or the Concealed Conflict Object, and the District Court's evidentiary rulings throughout the trial may have been affected by the existence of the Concealed Conflict Object charges. Moreover, there is no escaping the fact that, while understandably emphasizing the Bribery Object to a greater degree, the United States did argue that the Concealed Conflict Object alone was a sufficient basis for conviction. While we do not say it is probable, we do conclude that it

is indeed possible that the invalid Concealed Conflict Object could have contributed to the verdict. Stated differently, on the record before us we cannot conclude beyond a reasonable doubt that a rational jury would have convicted Coniglio of HSMF absent the invalid Concealed Conflict theory.[4] Accordingly, the plain error was not harmless and we must vacate the HSMF convictions.

## C.

"Generally, invalidation of the conviction under one count does not lead to automatic reversal of the convictions on other counts." *United States v. Gambone*, 314 F.3d 163, 180-81 (3d Cir. 2003) (quoting *United States v. Pelullo*, 14 F.3d 881, 897 (3d Cir. 1994)). We are required to analyze whether the Defendant was prejudiced because "there was a spillover of evidence from the reversed count that would have been inadmissible at a trial limited to the remaining count." *Riley*, 621 F.3d at 325 (quoting *United States v. Cross*, 308 F.3d 308, 317-18 (3d Cir. 2002)). "If the answer is 'no,' then our analysis ends, as the reversed count cannot have prejudiced the defendant." *Id.* (quoting *Cross*, 308 F.3d at 318). Accordingly, here we must decide whether the Extortion Count conviction was tainted by evidence admitted on the basis of HSMF Concealed Conflict Object Counts, but which would have been excluded in a hypothetical

---

[4] The argument of the United States that the evidence of bribery was "overwhelming" does not alone carry the day. This was a case involving a large amount of sharply contested, circumstantial evidence.

7

trial solely on the Extortion Count. *See Riley*, 621 F.3d at 325 (citing *United States v. Lee*, 612 F.3d 170, 180 (3d Cir. 2010); *United States v. Atiyeh*, 402 F.3d 354, 373-74 (3d Cir. 2005); *Gambone*, 314 F.3d at 181). Specifically, if most or all of the Government's concealment evidence would have been admissible in a hypothetical trial only on the Extortion Count, Coniglio was not prejudiced and our analysis ends.

To convict Coniglio on the Extortion Count, the United States was required to prove, *inter alia*, that Coniglio knowingly accepted one or more payments to which he was not entitled, "with the implied understanding that he would perform…an act in his official capacity." *United States v. Antico*, 275 F.3d 245, 257 (3d Cir. 2001). Moreover, based on the charges in the Indictment, the District Court also instructed the jury that it had to find Coniglio acted "willfully" – *i.e.*, that Coniglio "knew his conduct was unlawful and intended to do something the law forbids," and "acted with a purpose to disobey or disregard the law." JA 1024. Because it can be difficult to prove intent/willfulness from direct evidence, consciousness of guilt evidence can be of "high probative value to the government's case" and admissible pursuant to Federal Rule of Evidence 404. *United States v. Kemp*, 500 F.3d 257, 297-98 (3d Cir. 2007) (citing *United States v. Gatto*, 995 F.2d 449 (3d Cir. 1993)).

Here, such evidence included alleged efforts to conceal both: (1) the relationship between HUMC and Coniglio, and (2) particular activities that were allegedly undertaken

8

as part of the purportedly corrupt bargain.  We acknowledge it is possible that, in the absence of HSMF charges based on the Concealed Conflict Object, the District Court might not have allowed the introduction of every single piece of concealment evidence adduced by the United States.  However, we are not persuaded by Appellant's contention that the vast majority of the Government's concealment evidence was solely offered to prove the HSMF Concealed Conflict theory, and thus would have been disallowed in a trial on only the Extortion Count.  Rather, we are satisfied that the District Court would indeed have properly admitted some very significant amount, if not all, of the Government's concealment evidence in a trial on only the Extortion Count – either as evidence of intent or consciousness of guilt.  We further conclude that the District Court satisfactorily instructed the jury as to the appropriate use of such evidence.  *See* JA 1024-25.  The conviction on the Extortion Count shall therefore be affirmed.

**D.**

Because we will vacate the HSMF convictions, we need not reach Coniglio's objections to the District Court's jury instructions that only pertain to the HSMF Counts.  Coniglio does make an argument concerning the "stream of benefits" instruction versus the "any amount of payment" instruction, and the interrelationship of those instructions with the HSMF Counts and the Extortion Count.  It is arguable whether Coniglio preserved this objection below as related to the Extortion Count.  *See* JA 957-59.

9

Nonetheless, we have considered it and we conclude that: (1) the District Court appropriately demarcated its instructions on the Extortion Count from those relating to the HSMF Counts, and (2) the District Court's Extortion Count instructions were legally satisfactory and did not pose a risk of confusion to the jury.

## III.

We will vacate the District Court Judgment with respect to Counts Two, Three, Six, Seven and Eight, we will affirm the judgment of conviction as to Count Nine, and remand to the District Court for re-sentencing as to Count Nine.